UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGEL CRUZ,<br><br>       Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>       Defendant. | Civ. No. 2:13-01694 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Angel Cruz brings this action pursuant to 42 U.S.C. § 405(g), seeking review of a final determination by the Commissioner of Social Security (the "Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB"). For the reasons that follow, the Commissioner's decision is **AFFIRMED**.

## I. LEGAL STANDARDS

### A. The Five-Step Sequential Analysis

Under the authority of the Social Security Act, the Social Security Administration has established a five-step evaluation process for determining whether a claimant is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. In the first step, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability. *Id.* §§ 404.1520(b), 416.920(b). If not, the Commissioner moves to step two to determine if the claimant's alleged impairment, or combination of impairments, is "severe." *Id.* §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment, the Commissioner inquires in step three as to whether the impairment meets or equals the criteria of any impairment found in the Listing of Impairments. 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A. If so, the claimant is automatically eligible to receive benefits (and the analysis ends); if not, the Commissioner moves on to step four. *Id.* §§ 404.1520(d), 416.920(d). In the fourth step, the Commissioner decides whether, despite any severe impairment, the claimant retains the Residual Functional Capacity ("RFC") to perform past relevant work. *Id.* §§ 404.1520(e)-(f), 416.920(e)-(f). The claimant bears the burden of proof at each of these first four steps. At step five, the burden shifts to the Social Security Administration to demonstrate that the claimant is capable of performing other jobs that exist in significant

1

numbers in the national economy in light of the claimant's age, education, work experience and RFC. 20 C.F.R. §§ 404.1520(g), 416.920(g); *see Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91-92 (3d Cir. 2007) (citations omitted).

### B. Standard of Review

For the purpose of this appeal, the court conducts a plenary review of the legal issues. *See Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). The factual findings of the ALJ are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* When substantial evidence exists to support the ALJ's factual findings, this Court must abide by the ALJ's determinations. *See id.* (citing 42 U.S.C. § 405(g)).

## II. BACKGROUND

On November 9, 2009, Plaintiff filed an application for a period of disability and DIB. The filings alleged that Plaintiff had a disability with an onset date of January 6, 2009, due to conditions including diabetes, disc disease, right-shoulder impingement, diabetic retinopathy, and depression. Plaintiff's claim was denied initially on April 30, 2010, and on reconsideration on September 3, 2010. On November 3, 2011, Plaintiff and his daughter-in-law, Ms. Estelle Rivera, testified at a hearing before Administrative Law Judge Richard L. De Steno (the "ALJ"). On December 6, 2011, the ALJ issued a decision finding that Plaintiff was not disabled. The ALJ recognized that Plaintiff had several severe impairments, but found that those impairments did not meet or equal the impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A. The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform his past relevant work.

On January 18, 2013, the Appeals Counsel denied Plaintiff's request for review. Plaintiff now brings the instant appeal, challenging the ALJ's determination that he was not disabled.

## III. DISCUSSION

Plaintiff challenges the ALJ's determination that he was "not disabled" on several grounds. Specifically, Plaintiff argues that the ALJ erred in finding that: (1) Plaintiff's depression and diabetic retinopathy were not severe; (2) Plaintiff had failed to demonstrate a listing-level impairment; and (3) Plaintiff retained the RFC to perform his past relevant work. Each of these challenges will be addressed in turn.

### A. The ALJ properly found that Plaintiff's depression and diabetic retinopathy were not severe.

Here, the ALJ found in Plaintiff's favor at step two, concluding that his diabetes, disc disease, and right-shoulder impingement were severe. However, Plaintiff challenges the ALJ's finding that his mental impairment and diabetic retinopathy were not severe.

An impairment is severe only if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521; Social Security Ruling ("SSR") 85-28, 1985 WL 56856, at *3 (1985); *McCrea v. Comm'r of Social Security*, 370 F.3d 357, 360 (3d Cir. 2004). Basic work activities include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling. SSR 85-28, 1985 WL 56856, at *3. An individual must also be able to understand, carry out, and remember simple instructions, exercise judgment, respond appropriately to work situations, and deal with changes in a routine setting. *Id.* A "severe" impairment is distinguished from "a slight abnormality," which has such a minimal effect that it would not be expected to interfere with the claimant's ability to work, regardless of her age, education, or work experience. *See Bowen v. Yuckert*, 482 U.S. 137, 149-51 (1987). The claimant bears the burden of showing that an impairment is severe. *Id.* at 146 n.5.

The ALJ properly found Plaintiff's diabetic retinopathy and depression to be non-severe. Regarding the diabetic retinopathy, Plaintiff failed to present any evidence that his vision significantly limits his ability to do basic work activities, and the record evidence points to the opposite conclusion. *See* 20 C.F.R. §§ 404.1520(c), 404.1521(a); *see also Ramirez v. Barnhart*, 372 F.3d 546, 551 (3d Cir. 2004). Dr. Rambhai Patel, a consultative examiner, found no evidence to diagnose diabetic retinopathy, stating only that the "[p]ossibility of diabetic retinopathy cannot be ruled out." (R. at 296.) On examination, Dr. Patel found that Plaintiff's *uncorrected* vision on the left side was 20/50 and on the right was 20/70. (R. at 296.) Dr. Patel also found that Plaintiff's sclarea and conjunctivae were normal, and his pupils were equal and constricted. (R. at 296.) Plaintiff eyes were also declared normal during an emergency room eye examination on March 4, 2010, and two state agency physicians opined that Plaintiff had no visual limitations. (R. at 265, 307, 334.) . "No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment." SSR 96–4p, 1996 WL 374187, at *1.

Regarding Plaintiff's depression, substantial evidence supports the ALJ's determination that it does not cause more than a slight or minimal limitation in Plaintiff's ability to perform basic mental work activities. First, the ALJ determined that Plaintiff has only mild limitations on daily living, social functioning, and concentration, persistence, and pace. (R. at 22-23.) The record supports this finding. According to Dr. Ernesto Perdomo's expert report, Plaintiff is able to take care of his personal needs and take public transportation, and lives with a female friend. (R. at 246.) Dr. Pedormo also

indicated that Plaintiff could follow four-step, moderately complex instructions and had an organized and focused thought process. (R. at 22, 247.) And the record contains no evidence of episodes of decompensation. Additionally, nothing in the record indicates Plaintiff received treatment for his depression. *See Bruni v. Astrue*, 773 F. Supp. 2d 460, 474 (D. Del. 2011) (finding that a claimants failure to seek professional mental health treatment provided evidence that her depression was not severe).

Plaintiff argues that the ALJ's erred in finding that Plaintiff's mental impairments were non-severe, because, contrary to Dr. Perdomo, Dr. Shapiro opined that Plaintiff had several moderate mental limitations. Specifically, Dr. Shapiro's Mental RFC Assessment Form included check blocks indicating that Plaintiff was "moderately limited" in several areas. However, the ALJ was not required to give any weight to the section of the Form containing those check blocks. *See Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 636 (3d Cir. 2010) (confirming that Part III of the Mental RFC Assessment Form contains the actual RFC assessment, and that the ALJ may assign little or no weight to the worksheet sections of that Form). Furthermore, an ALJ is free to choose one medical opinion over provided that she considers all of the evidence and gives some reason for discounting the evidence she rejects. *Diaz v. Commissioner of Soc. Sec.*, 577 F.3d 500, 505-06 (3d Cir. 2009). Here, the ALJ explained that the rest of Dr. Shapiro's actual RFC assessment contradicted the indications that Plaintiff was moderately limited. (R. at 23.) Accordingly, substantial evidence supports the ALJ's finding that Plaintiff's depression was not severe.

The ALJ's determination that Plaintiff did not have a severe visual or mental impairment thus was not in error. Furthermore, because the ALJ found in Plaintiff's favor at step two, even if the ALJ had erroneously concluded that Plaintiff's diabetic neuropathy or depression were non-severe, any error would be harmless. *See Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005).

### B. The ALJ properly found that Plaintiff does not have a listing-level impairment.

Plaintiff next argues that the ALJ failed to properly analyze whether his impairments met or equaled one of the listings at 20 C.F.R. Part 404, Subpart P, Appendix 1. While he appears to agree that none of his impairments independently are of listing-level severity, Plaintiff argues that the ALJ failed to consider his impairments in combination. (Pl's Br. 29-30.)

At step three, an ALJ must consider each of the claimant's individual conditions and determine whether they meet or equal any listed impairment. Where the claimant has "a combination of impairments, no one of which meets a listing ... [the ALJ] will compare [the claimant's] findings with those for closely analogous listed impairments." 20 C.F.R. § 404.1526(b)(3). For a combination of impairments to be medically equivalent to one in the listings, it must be "at least of equal medical significance." *Id.*

Plaintiff's assertion that the ALJ did not consider his impairments in combination is incorrect. The ALJ specifically found that Plaintiff "did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments . . . ." (R. at 23.) "[W]here the ALJ has indicated that the impairments have been considered in combination, there is 'no reason not to believe' that the ALJ did so." *Gainey v. Astrue*, Civ. No. 10-1912, 2011 WL 1560865, at *12 (D.N.J. Apr. 25, 2011) (citing *Morrison v. Comm'r of Soc. Sec.*, 268 Fed. App'x 186, 189 (3rd Cir. 2008)).

In addition, after reviewing the decision as a whole, the Court finds that the ALJ's development of the record and explanation of findings at step three is sufficient to allow for meaningful review, as required under *Burnett v. Commissioner of Social Security*. *See* 220 F.3d at 120. *Burnett* "does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). Instead, a reviewing court should look at the decision as a whole to determine whether the ALJ considered the appropriate factors. *Id.*

Here, the ALJ's analysis of the medical evidence in light of the musculoskeletal, visual, and mental disorder listings was comprehensive enough for meaningful review. The ALJ gave specific consideration to the effect of Plaintiff's diabetes on his general health, noting that Plaintiff did not allege any kidney problems and that the medical evidence did not support Plaintiff's allegations of neuropathy. (R. at 23.) The ALJ reviewed the medical evidence regarding Plaintiff's visual impairments, finding that Plaintiff's uncorrected visual acuity of 20/50 in the left eye and 20/70 in the right eye did not meet the criteria for Listing 2.02. (R. at 24.) The ALJ also considered Plaintiff's disc disease and right shoulder impingement, finding that those impairments did not meet Listings 1.04 or 1.02B. (R. at 24.) Further, the ALJ discussed the limitations in functioning created by Plaintiff's mental impairments at length, finding those impairments did not meet any mental disorder listing. (R. at 22-23.)

Finally, Plaintiff neither identifies nor refers to any evidence supporting his contention that the combination of his impairments met or equaled a listing, and thus has failed to meet his burden at step three. Moreover, the administrative record contains numerous reports supporting the ALJ's determination that Plaintiff did not have a listing-level impairment. (*See* R. at 247, 296, 297, 326, 327, 328, 341-46.) Accordingly, the Court affirms the ALJ's findings at step three.

### C. Substantial evidence demonstrates that Plaintiff retains the RFC to perform his past relevant work.

At step four, the ALJ found that Plaintiff retained the RFC to perform his past relevant work as a Hi-Lo machine operator. Plaintiff objects both to the ALJ's finding that Plaintiff retained the RFC to perform light work, and to the ALJ's characterization of Plaintiff's past relevant work.

RFC is the claimant's ability to work despite the limitations caused by his impairments. The SSA defines "light" work as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b). The SSA has further explained that "light work generally requires the ability to stand and carry weight for approximately six hours of an eight hour day." *Jesurum v. Sec. of Health & Human Servs.*, 48 F.3d 114, 119 (3d Cir. 1995) (citing SSR 83–10, 1983 WL 31251 (1983)).

The ALJ evaluated the relevant evidence and explained the basis for his conclusion that Plaintiff has the RFC to perform light work. (R. at 22.) Moreover, substantial evidence supports the ALJ's conclusion. The medical reports of Dr. Ladi Habina, Dr. Rambhai Patel, Dr. James Paolino, and Dr. David X. Schneider all supported the ALJ's assessment. (R. at 196-97, 244, 296, 297, 304-11, 334. Significantly, Dr. Paolino and Dr. Schneider opined that Plaintiff could occasionally lift fifty pounds, frequently lift twenty pounds, stand and/or walk about six hours per workday, sit about six hours per work day and push and/or pull subject to the limitations specified for lifting and/or carrying. (R. at 306, 334.) And, as noted previously, the ALJ considered the impact of any mental impairments on Plaintiff's ability to work. (R. at 22.) Additionally, he explained his reasons for discounting the opinion of Dr. Sasha Agarwal, Plaintiff's treating physician. Dr. Agarwal reported in three letters that Plaintiff was permanently medically disabled and unable to work. (R. at 333, 340, 347.) The ALJ discredited this opinion on the grounds that it was unsupported by Dr. Agarwal's own objective findings and the record as a whole. (R. at 28, 344-46.)

Finally, the ALJ specifically addressed both the Plaintiff and Rivera's testimony regarding Plaintiff's limitations. The ALJ found that that Plaintiff lacked credibility due to inconsistencies between his testimony and the record. (R. at 27.) For instance, Plaintiff testified during the hearing that he last worked in 1996, but has a work history through 2009. (R. at 40, 139.) The ALJ also noted that Plaintiff arrived at a consultation with Dr. Perdomo smelling of alcohol. (R. at 246.) When Dr. Perdomo questioned Plaintiff about it, Plaintiff admitted to having drunk two beers. (R. at 246.) However, Dr. Perdomo reported that Plaintiff smelled as if he had consumed something stronger than just two beers. (R. at 246.) And the ALJ found that Rivera was partially credible, but that the objective medical evidence did not support her description of the extent of Plaintiff's limitations. (R. at 27.) Accordingly, the Court will not disturb the ALJ's determination that Plaintiff has the RFC for light work.

Plaintiff also challenges the ALJ's characterization of his past relevant work as a Hi-Lo machine operator. The term past relevant work means work performed either (1) as the claimant actually performed it or (2) as it is generally performed in the national

economy. 20 C.F.R. § 404.1560(b)(2); SSR 82-61, 1982 WL 31387, at *1 (1982). "The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." SSR 82-62, 1982 WL 31386, at *3 (1982). The claimant bears the burden of demonstrating an inability to return to her past relevant work. *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994).

Here, the ALJ properly relied on Plaintiff's description of his past relevant work as actually performed. At the hearing, Plaintiff described his job operating a Hi-Lo machine as requiring him to drive around a warehouse and move items with the Hi-Low machine. Plaintiff performed this job while sitting. (R. at 44.) Plaintiff specifically stated that he did not lift items with his hands, but rather by operating a lever within the Hi-Lo machine. (R. at 44.) He was not required to do any writing or complete reports, or to supervise any other employees. (R. at 44.)

Plaintiff argues that the ALJ failed to consider a work history questionnaire, in which he had described his job as being more physically demanding. (R. at 163-69.) However, the ALJ is only required to refer to pertinent or probative evidence in his opinion. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008). Here, the ALJ was entitled to reject the questionnaire without explanation, because the overwhelming evidence in the record discounted its probative value, rendering it irrelevant. *Id.* First, Plaintiff's own testimony regarding his past relevant work contradicted the description contained in the questionnaire. Additionally, the answers in the questionnaire itself were inconsistent. For example, in the questionnaire, Plaintiff stated that he was a driver, yet indicated that his job required him to walk for eight hours, and stand for one hour.

Based on his determination that Plaintiff retained the RFC for light work and that Plaintiff's past relevant work fell within the definition of light work, the ALJ concluded that Plaintiff retained the RFC for his past relevant work. The Court affirms these conclusions.

IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: February 6, 2014**